# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2016.

_____

No. 3D15-2432
Lower Tribunal No. 15-15503
_____

**F.G., the Father,**
Appellant,

vs.

**The Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria I. Sampedro-Iglesia, Judge.

Herscher & Herscher and Ilene Herscher, for appellant.

Karla Perkins, for appellee Department of Children & Families; Laura J. Lee (Sanford), for appellee Guardian ad Litem Program.

Before SALTER, FERNANDEZ and LOGUE, JJ.

SALTER, J.

On Motion for Rehearing or Clarification

Upon consideration of the motion for rehearing or clarification by the

Department of Children and Families (Department) with respect to our opinion issued May 25, 2016, in this case, we deny the motion for rehearing, grant the motion for clarification of the opinion, and substitute the following in its place.

Counsel for F.G., the father, filed an emergency motion to recall mandate and for other relief in this case. By separate and prior order, we granted the motion to recall mandate, and we now withdraw our prior opinion issued December 23, 2015, and substitute the following in its place. This opinion is intended to highlight the potential for inconsistent outcomes when separate appeals are filed by separate parties from the same underlying proceeding and adjudication.

<u>Single Order of Dependency; Separate Appeals by Parents</u>

In a single petition, the Department of Children and Families (Department) filed a dependency shelter petition on behalf of a two-year-old child, A.G., as to both her mother, B.J., and her father, F.G. The petition was filed based on allegations regarding the tragic death of A.G.'s four-month-old sibling, Ab.G, and the parents' positive tests for marijuana.

Thereafter, the Department filed a verified petition for dependency as to A.G. charging both B.J. and F.G. based on a substantial risk of imminent neglect and abuse (section 39.01(15)(f), Florida Statutes (2015)) and harm (section 39.01(30)(1)). The petition was heard over the course of two days in September 2015. After hearing all of the evidence, and with both parents present, the trial

2

court wrestled with what she termed a "very difficult case" and a "tragedy." After assessing the totality of the circumstances, she found A.G. dependent as to both of the parents, in a single order.

Each parent commenced a separate appeal; the office of Criminal Conflict and Civil Regional Counsel for this district represented the mother, and private counsel was appointed to represent the father. This appeal by the father, <u>F.G. v. Department of Children and Families</u>, was docketed as case number 3D15-2432 and was ultimately assigned to this panel. Oral argument was not requested or scheduled. We issued a per curiam affirmance on December 23, 2015. No motions followed, and the mandate issued the following month.

The mother's appeal, <u>B.J. v. Department of Children and Families</u>, was docketed three weeks after the father's, as case number 3D15-2593, and was assigned to a completely different panel of judges of this Court. Oral argument was requested and conducted on March 1, 2016, over two months after the per curiam affirmance in the father's case. On April 20, 2016, the panel in that case issued a detailed and persuasive fourteen-page opinion reversing the adjudication of dependency as to the mother.

Promptly after considering the opinion in the mother's separate appeal, counsel for the father moved on an emergency basis for the panel in this case to withdraw the mandate and to consider the analysis in the opinion reversing the

dependency order in the mother's appeal.

Avoiding Inconsistency; Administrative Order AO3D13-06

What follows is not an assignment of blame or fault. As the primary judge assigned to the father's appeal, the author acknowledges responsibility for missing the relatedness of the cases and not taking some measures—whether consolidation before a single panel, or a conference between the two panels—to determine whether facts specific to each parent supported separate outcomes on appeal. That said, however, we must remind counsel appearing before this Court that they have a duty to comply with Administrative Order AO3D13-06, accessible on our website, to file a "Notice of Similar or Related Case," within ten days from receipt of the clerk's acknowledgment of a new case:

> Counsel has a continuing obligation to advise the court of cases similar or related to another case pending before this court. Such advice shall be given by the filing of a Notice of Similar or Related Case not later than ten (10) days after receipt from the clerk of the court of an acknowledgment of new case and thereafter within ten (10) days of ascertainment of the existence of such a case.

A notice of the mother's related case should have been filed in this (the father's) case by November 23, 2015, and no such notice was ever filed. In the mother's case, a notice of the related case should have been filed by November 23, 2015, and it was instead filed on January 5, 2016. Counsel for the parties in dependency appeals, and the judges of this Court, review a high volume of cases year after year. Nonetheless, all of us must endeavor to identify related

4

proceedings promptly so as to avoid inconsistent results and, secondarily, for the sake of judicial efficiency. The timely filing of notices of the related cases in both cases, or references to the other parent's pending appeal in the parties' briefs in either or both cases,[1] would have assisted the Court in resolving both appeals consistently and efficiently.

The Father's Appeal

As the trial court observed, this case was both tragic and difficult. Reasonable judges can reach, and have reached, different conclusions regarding the application of Florida law to the record in the underlying dependency case. Nonetheless, following our review of the father's emergency motion, the responses to that motion we required from the Department and the Guardian Ad Litem,[2] and our own review of the analysis and legal authorities cited by our colleagues in the mother's separate appeal,[3] we now vacate our per curiam affirmance of December 23, 2015, and reverse the adjudication of dependency as to the father, F.G. In doing so, we note that the order under review includes numerous findings

_____

[1] The per curiam affirmance in this case was actually issued two weeks before the initial brief in the mother's case, but was not noted in any of the briefs.

[2] Those responses establish that the Department and the GAL do not oppose our conformance of the opinion and result in the father's case to the opinion and result in the mother's separate appeal.

[3] B.J. v. Dep't of Children & Families, No. 3D15-2593, 2016 WL 1578492 (Fla. 3d DCA Apr. 20, 2016). We adopt and rely upon the analysis in that opinion insofar as it relates to both parents or to the father alone.

5

regarding, and other references to, "the parents." The opinion reversing the adjudication in the mother's appeal includes such references as well. As a result, we see no basis to differentiate between the two cases, and we consider the analysis by our colleagues to be well-reasoned and persuasive.

Order of adjudication and disposition of dependency reversed and remanded.